August 16, 2018

**VIA ECF**

Hon. Robert M. Levy, United States Magistrate Judge
United States District Court for the Eastern District of New York
Theodore Roosevelt United States Courthouse

Re: *Kumarasinghe v. OSN Deli & Grocery, Corp et al*, 17 CV 3226 (FB) (RML)

Dear Judge Levy:

  This letter concerns the dismissal of this action and the Court's approval of the attached settlement agreement as fair. The defendants consent to this letter.

  The parties have executed a settlement agreement. The plaintiff has agreed to release the defendants of the claims made in the complaint in exchange for $12,000.00. If the defendants fail to make payment pursuant to the agreement, the plaintiff may, after notifying the defendants and providing them with ten days to cure the default, immediately enter judgment against the defendants for $12,000 less any amounts defendants have already paid. The settlement agreement provides for twelve installment payments measured from the date of approval of this settlement agreement. The plaintiff's attorneys' portion of the settlement agreement is $4,440, plus $560 in expenses, and the plaintiff's portion is $6,640. The settlement agreement is enclosed.

  This action arises under the Fair Labor Standards Act, the Minimum Wage Act, and the Wage Theft Prevention Act. The plaintiff alleges that the defendants violated the wage and hour laws and that the defendants owe the plaintiff back wages and liquidated and statutory damages.

  The defendants paid the plaintiff eight dollars per hour. The defendants produced time records for the plaintiff's employment, showing the plaintiff's start and end times, and these records are accurate. The defendants have no other records of the plaintiff's hours worked or wages paid. The plaintiff's last day of work for the defendants was around January 15, 2017.

  Employees cannot waive or settle claims under the Fair Labor Standards Act for unpaid minimum wages or overtime, except by settlements supervised by the Department of Labor or judicially-approved settlements of a civil action. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203, 206 (2d Cir. 2015).

  The parties represent to the Court that the settlement agreement is fair to the plaintiff, reasonably resolves bona fide disagreements between the plaintiff and defendants about the merits of the plaintiff's claims; and demonstrates a good faith intention by the parties that their claims for liability and damages be fully and finally resolved and not relitigated in the future.

  In *Cheeks*, the Second Circuit did not reach the issue of whether the settlement in that case was worthy of approval. *See id.* at 203 n.3. Here, the parties believe the settlement agreement is fair and reasonable because: (1) the plaintiff accepted the terms of settlement after substantial fact discovery, including the hours worked by plaintiff and the wages received by plaintiff; and (2) the

settlement agreement satisfies all the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2015).

      The first *Wolinsky* factor examines "the plaintiff's range of possible recovery." *Id.*

      Tables 1 and 2 are the plaintiff's calculation of damages. Based on this calculation, the plaintiff's total unpaid wages owed are $12,944.29. The calculation of damages assumes an award of liquidated damages pursuant only to the Minimum Wage Act because a summary order by the United States Court of Appeals for the Second Circuit upheld a district court decision that the statutes do not provide for stacked liquidated damages. The plaintiff's total actual and liquidated damages would be $25,888.57. The plaintiff is also owed $10,000.00 for the Wage Theft Prevention Act violations.

      The plaintiff's proceeds of $6,640 pursuant to the settlement agreement would amount to a recovery of 18.5% of the plaintiff's potential damages ($6,640/$35,888.57).

      The second *Wolinsky* factor examines "the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses.'" *Id.* Settling the parties' claims at this point will avoid continuing litigation costs for all parties. Had this action not settled, the parties would move forward with preparation for trial and trial.

      The third *Wolinsky* factor examines "the seriousness of the litigation risks faced by the parties." *Id.* All parties face the inherent risks and expenses imposed by proceeding to a potential trial and post-judgment collection proceedings. The plaintiff faces the additional risk of recovery. The defendants are a sole shareholder corporation and its owner. The defendants' business is a small deli that does not produce significant revenue. The defendants' ability to pay any judgment that the plaintiff might win a trial is not a certainty.

      The fourth *Wolinsky* factor examines "whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel.'" *Id.* This agreement was reached by arms-length negotiation by the parties and their counsel. The plaintiff is represented in this action by the Law Office of Justin A. Zeller, P.C., a law firm specializing in representing employees in wage and hour litigation. The plaintiff's counsel has represented plaintiffs in over 300 actions for such claims in this district alone, and many others in the Eastern District of New York and the District of New Jersey, and in the courts of the State of New York. The defendants' counsel in this case, Law Offices of Michael Chong, LLC, has successfully represented corporations and individual defendants in many wage and hour matters.

      The fifth *Wolinsky* factor examines "possibility of fraud or collusion." *Id.* There is no evidence of any fraud or collusion in this case between the parties to circumvent the wage and hour laws. The agreement was reached at a settlement conference before Your Honor.

      Lastly, the Court must consider evidence of any factors weighing against approval. There are no party plaintiffs in this action and there is no effect on the right of any putative party plaintiff to commence his or her own action because plaintiff did not move to conditionally certify a collective action under 29 U.S.C. § 216(b).

The settlement agreement also resolves the plaintiff's attorney's fees and costs. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, Section 191 of the New York Labor Law, and the Wage Theft Prevention Act, 2010 N.Y. Laws 564. These laws, in combination, provide to a prevailing party in a civil action an award of attorney's fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1)–(2), 663(1); *see also Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012). This award is mandatory. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).

The amount of attorney's fees to which a party is entitled is based on the presumptively reasonable fee, sometimes called the lodestar. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189–90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables, *Arbor Hill*, 522 F.3d at 184, including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved or the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case;' (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989); see also *Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors). But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009).

The plaintiff is represented in this action by the Law Office of Justin A. Zeller, P.C., a law firm specializing in wage and hour litigation and incorporated in 2005. The sole shareholder of the law firm is Justin A. Zeller, an attorney who graduated law school in 2002 and has specialized in wage and hour law since 2005. Associated with the law firm is Brandon D. Sherr, who graduated law school in 2010, who has since been associated with this law firm and has specialized in wage and hour law. These two lawyers appeared in this action for the plaintiff. This law firm has represented plaintiffs in over 300 actions with similar claims in this Court alone, and many others in the Eastern District of New York and the District of New Jersey, and in the courts of the State of New York.

Recent reasonable hourly rates awarded in similar cases range from $200 to $600 per hour for similar small firms. *See Rosendo v. Everbrighten Inc.*, No. 13 CV 7256, 2015 U.S. Dist. LEXIS

50323, at *23–24 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from a small firm specializing in wage and hour litigation over five other cases to be from $200 to $425 and awarding between $225 and $400); *Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033, at *28–30 (S.D.N.Y. May 27, 2014) (finding rates for three attorneys from one small firm over three other wage and hour cases to be from $350 to $600 and awarding within the same range in wage and hour case).

Mr. Zeller's reasonable hourly rate has been considered three times by courts and he was found in the Eastern District of New York to be entitled to a rate of $350 in 2015 and $300 per hour in 2011, *see Galicia v. 63-68 Diner Corp.*, No. 13 CV 3689, slip op. at 3–5 (E.D.N.Y. Aug. 13, 2015); *Rodriguez v. Queens Convenience Deli Corp.*, No. 09 CV 1089, 2011 U.S. Dist. LEXIS 120478, at *16 (E.D.N.Y. Oct. 18, 2011), and $250 in this district in 2013. *See Maldonado v. Bistro 1285 Inc.*, No. 11 CV 4294, 2013 U.S. Dist. LEXIS 70815, at *12 (S.D.N.Y. May 13, 2013).

Mr. Sherr's reasonable hourly rate has been considered four times by this Court and Mr. Sherr was found to be entitled to rates of $300 in 2015 and 2016, and $200 and $250 per hour in 2013. *See Carvente-Avila v. Chaya Mushkah Rest. Corp.*, No. 12 CV 5359, slip op. at 6 (S.D.N.Y. May 10, 2016); *Patterson v. Copia NYC LLC*, No. 15 CV 2327, slip op. at 15–16 (S.D.N.Y. Dec. 29, 2015); *Maldonado*, 2013 U.S. Dist. LEXIS 70815, at *12; *Palacios v. Z & G Distribs., Inc.*, No. 11 CV 2538, 2013 U.S. Dist. LEXIS 112676, at *18 (S.D.N.Y. Aug. 6, 2013).

Certain of the *Johnson* factors are applicable in consideration of the reasonable hourly rate, specifically the customary fee, whether the fee is fixed or contingent, and the undesirability of the case. The plaintiff has entered a contingent fee agreement with this firm. The agreement provides a backup hourly rate of $425 for work performed by Mr. Zeller, and $350 per hour for work performed by associated. It is the experience of this firm that wage and hour cases against small employers have a substantial risk that, even if ending in a judgment, the judgment will be uncollectable or very difficult to collect. This is because small business employers are frequently undercapitalized and have few valuable assets. Violations of the wage and hour laws also frequently indicate financial distress or insolvency. Law firms that represent employees in such cases on a contingent fee basis may never recover their attorney's fees or costs. The market rate for legal services for such clients is therefore higher because of these risks. This is such a case against a small restaurant employer. Accordingly, the reasonable hourly rate should be adjusted to reflect the contingent fee, the customary rate, and to compensate for the risk inherent in taking this case.

The plaintiff would have requested that the Court find reasonable hourly rates of $400 for Mr. Zeller, $350 for Mr. Sherr, $300 for Mr. Gurrieri, and $300 for Mr. Grant. These rates are within the range previously found reasonable for this nature of action in this forum, reflect adjustments for the above-discussed factors, and allow a modest increase over rates previously awarded to these attorneys commensurate with their increased experience.

To determine the reasonableness of the hours, a party seeking an award of attorney's fees must submit contemporaneous time records indicating the hours and the nature of the work done. *See Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986); *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *Puglisi v. Underhill Park Taxpayer Ass'n*, 964 F. Supp. 811, 817 (S.D.N.Y. 1997).

The plaintiff includes herewith the contemporaneous time records of the plaintiff's counsel. The included description with each entry corresponds to the descriptions in the American Bar Association's Uniform Task-Based Management System, a broadly recognized system of documenting hours. Courts even recommend its use for motions for attorney's fees. *See Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1174 (N.D. Cal. 2004); *Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1189 (N.D. Cal. 2004) ("Although the court considers plaintiff's data in the manner presented, the American Bar Association's "Litigation Code Set" provides a more uniform methodology for categorizing requested hours. *See* American Bar Association ("ABA"), Uniform Task-Based Management System Information, *available at* [http://www.americanbar.org/groups/litigation/resources/uniform_task_based_management_system.html]. The ABA template commends itself to parties applying for fee awards."). Similar productions by the plaintiff's counsel of such contemporaneous time records have been found by the Court to be "complete." *Palacios*, 2013 U.S. Dist. LEXIS 112676, at *18–19. Mr. Zeller's hours in this action are 3.8, Mr. Sherr's, 5.6, Mr. Gurrieri's, 2.3, and Mr. Grant's 2.9.

The 14.40 total hours sought are reasonable, appropriately delegated among the involved attorneys requisite to their experience, and necessary to the litigation of this action. The plaintiff would have been entitled to an attorney's fees award, based on the presumptively reasonable rate, of $4,570.

Additionally, the plaintiff's costs total $560, and includes $400.00 for filing fees, $7.44 for postage for the service of other papers, $5.50 for transportation, and $150.00 for service of process. These expenses were prepaid by the plaintiff's counsel. The plaintiff includes herewith an enumeration of these costs.

The total of attorney's fees based on the presumptively reasonable rate and costs is $4,570. The proposed allocation of $4,440 is therefore reasonable. Nothing additional is to be paid by the plaintiff to the plaintiff's counsel. The proposed allocation was negotiated and agreed to between the plaintiff and the plaintiff's counsel.

For the foregoing reasons, the parties request the Court find the offer of judgment and settlement agreement to fairly compromise the plaintiff's claim under the Fair Labor Standards Act and approve the settlement agreement as fair and reasonable.

Respectfully submitted,

Justin A. Zeller

Enclosures (3)