# SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Plaintiff NALAKA G. KUMARASINGHE ("Plaintiff") on the one hand, and OSN DELI GROCERY CORP. and VINOT PATEL (the "Individual Defendant"), on the other hand, (collectively referred to as the "Litigation Defendants"), jointly and severally, their parents, subsidiaries, divisions, affiliates, successors, and related companies, and the officers, directors, shareholders, agents, trustees, employees, attorneys, and representatives of all of them (hereinafter referred to collectively as "Defendants" or "Company" or "Corporation").

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No. 17 CV 3226 (FB) (RML) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws; and

WHEREAS, Defendants deny all claims and allegations asserted by Plaintiff and deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.      Payment: Defendants shall pay to Plaintiff the gross sum of Twelve Thousand Dollars ($12,000) (the "Settlement Amount") inclusive of attorney's fees and will be paid as follows:

      (i)      Within 30 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing liquidated damages; and (c) one check in the amount of Four Hundred and Forty-Six Dollars and Sixty-Seven Cents ($446.67) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

      (ii)     Within 60 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which

for tax purposes will be treated as representing liquidated damages; and (c) one check in the amount of Four Hundred and Forty-Six Dollars and Sixty-Seven Cents ($446.67) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(iii)     Within 90 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing liquidated damages; and (c) one check in the amount of Four Hundred and Forty-Six Dollars and Sixty-Seven Cents ($446.67) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(iv)     Within 120 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing liquidated damages; and (c) one check in the amount of Four Hundred and Forty-Six Dollars and Sixty-Seven Cents ($446.67) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(v)     Within 150 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing liquidated damages; and (c) one check in the amount of Four Hundred and Forty-Six Dollars and Sixty-Seven Cents ($446.67) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(vi)     Within 180 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing liquidated damages; and (c) one check in the amount of Four Hundred and Forty-Six Dollars and Sixty-Seven Cents ($446.67) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(vii) Within 210 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing liquidated damages; and (c) one check in the amount of Four Hundred and Forty-Six Dollars and Sixty-Seven Cents ($446.67) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(viii) Within 240 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing liquidated damages; and (c) one check in the amount of Four Hundred and Forty-Six Dollars and Sixty-Seven Cents ($446.67) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(ix) Within 270 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing liquidated damages; and (c) one check in the amount of Four Hundred and Forty-Six Dollars and Sixty-Seven Cents ($446.67) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(x) Within 300 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing liquidated damages; and (c) one check in the amount of Four Hundred and Forty-Six Dollars and Sixty-Seven Cents ($446.67) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(xi) Within 330 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Two

Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing liquidated damages; and (c) one check in the amount of Four Hundred and Forty-Six Dollars and Sixty-Seven Cents ($446.67) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(xii) Within 360 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Two Hundred Seventy-Six Dollars and Sixty-Seven Cents ($276.67) payable to Nalaka G. Kumarasinghe, which for tax purposes will be treated as representing liquidated damages; and (c) one check in the amount of Four Hundred and Forty-Six Dollars and Sixty-Seven Cents ($446.67) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

Plaintiff shall be solely responsible for paying any and all taxes resulting from payments received under this Agreement. In the event of an audit of Defendants by any taxing authority regarding payments to Plaintiff, Plaintiff shall indemnify and hold Defendants harmless for any failure of Plaintiff to pay taxes on payments received from Defendants pursuant to this Agreement.

2. <u>Release and Covenant Not To Sue</u>: Plaintiff, on behalf of Plaintiff, and Plaintiff's spouses, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquish, release, and waive all possible charges, complaints, causes of action, liabilities, obligations, demands, contract rights, and claims against each of the Defendants and their (as applicable) respective, parent companies, subsidiaries, divisions, related or affiliated companies, spouses, heirs, executors, testators, representatives, predecessors, successors or assigns, or their current or former trustees, representatives, employees, agents, attorneys, shareholders, officers, directors, and sole proprietors (the "Releasees"), based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) relating to or arising out of wages, hours, overtime, prevailing wages, or wage deductions, (b) arising under or for alleged violation of the Fair Labor Standards Act (the "FLSA") and/or the New York Labor Law ("NYLL"), (c) arising under any actual or allege express or implied contract, or under any common law or for any tort, in regard to work hours overtime, and/or payment of wages. This release and waiver includes any claim for attorneys' fees, expenses and costs in connection with any of the claims released hereby. This waiver and release includes all claims described above either presently known or unknown by Plaintiff. (The above shall be collectively referred to as "Released Claims").

3. <u>Breach:</u> In the event that any payment described in Paragraph 1 is not received by Plaintiff's counsel by the date set forth above, Plaintiff's counsel shall provide written notice to Defendants' counsel, Michael Chong, via email and facsimile, of said non-payment or incomplete payment. Defendants will have ten (10) days from the date of receipt of Plaintiffs' written notice to remedy the untimely or incomplete payment(s). If said non-payment or incomplete payment is not received after such time, the Court, upon motion by Plaintiff, shall issue a judgment against the Defendants for the total Settlement Payment less the amount that the Defendants have already

paid.

4. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. <u>Dismissal of the Litigation</u>: Plaintiff shall file, within five (5) business days of approval of this agreement as fair, a Stipulation of Dismissal with Prejudice (in the form of **Exhibit A**, attached hereto, which is incorporated to this Agreement by reference) with the Court in this action, unless the Court itself dismisses the case.

6. <u>Mutual Non-Disparagement</u>: The parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one another regarding any subject matter, including without limitation all parties and counsel and those that are relevant to the instant proceedings and the settlement of the Litigation. This Mutual Non-Disparagement provision shall include non-disparagement in any publication of any sort, including but not limited to any and all blogs, internet postings and the like referencing this litigation or any of the parties or their counsel to this matter in any manner.

7. <u>No Entry by Plaintiff</u>: Plaintiff hereby covenants and agrees not to enter the Company's establishment and/or premises under any circumstances. Plaintiff further covenants and agrees not to contact the Company's employees at the Company's establishment and/or premises, unless Plaintiff first receives the prior written consent of the Company's principal.

8. <u>Response to Subpoena</u>: Plaintiffs agree that, in the event they are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to the Defendants, their prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiff will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

9. <u>Return of all Property</u>: Plaintiff represents that Plaintiff has returned to Defendants all Company property and any "Company Information" including, without limitation, mailing lists, reports, client lists, employee lists, files, memoranda, records and software, computer, door and file keys, security access codes, computer access codes or disks and other physical or personal property which Plaintiff received, prepared or helped prepare, or otherwise came in contact with and that Plaintiff will not retain any copies, duplicates, reproductions or excerpts thereof. The term "Company Information" as used in this Agreement includes but is not limited to: (a) confidential information of the Company including, without limitation, information received from third parties under confidential conditions; and (b) other financial information or trade secrets, and processes of the Company, the use or disclosure of which might reasonably be construed to be contrary to the interests of the Company or its affiliates and other related companies.

10. <u>Employment References</u>: Any request for a reference with respect to Plaintiff will be referred to the Company. The Company will limit any response to confirming Plaintiff's title and dates of employment and shall further state that in accordance with the Company's policy, no

further information can be provided beyond this neutral reference.

11. No Future Employment: It is agreed that the employee-employer relationship between Plaintiff and the Company ended for reasons unrelated to any federal, state, or municipal statute or any cause of action Plaintiff had or may have had against the Company. It is further understood should Plaintiff again apply to work for the Company, in any capacity, the Company, based on this clause, may deny Plaintiff employment for any position they Plaintiff seeks, and that such denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be deemed retaliatory in any way. Accordingly, it is agreed that Plaintiff will not seek employment with the Company after the execution of this Agreement.

12. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

13. Acknowledgment: Plaintiff and Defendants acknowledge that they have been fully and fairly represented by counsel in this matter.

14. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and facsimile transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Law Office of Justin A. Zeller, P.C.
277 Broadway, Suite 408
New York, NY 10007-2036
jazeller@zellerlegal.com

To Defendants:

Michael K. Chong, Esq.
2 Executive Drive, Suite 720
Fort Lee, NJ 07024
Phone: 212-884-0935
Fax: 201-708-6676
mkchong@mkclawgroup.com

15. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the exclusive personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

16. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or

a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable. A failure by Plaintiff to execute a valid and enforceable release within twenty-one (21) days of Defendants request shall result in Plaintiff's full return to Defendants of the full Settlement Amount paid under this Agreement.

17. <u>Release Notification and Withdrawal</u>:

    a. Defendants advise Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel. Plaintiff acknowledges that it is Plaintiff's choice to waive any potential claims in return for the benefits set forth herein and that Plaintiff makes this decision after careful thought, and after an opportunity to consult with Plaintiff's attorneys.

    b. Plaintiff acknowledges that Plaintiff has been given an opportunity to consider this Agreement for at least twenty-one (21) days, and that Plaintiff fully understands and agrees to all of its terms.

18. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: __08-14-2018__        _____
                                        NALAKA G. KUMARASINGHE

Dated: _____     _____
                                        OSN DELI GROCERY CORP.
                                        BY:

Dated: _____     _____
                                        VINOT PATEL

Case 1:17-cv-03226-RML   Document 18-1   Filed 08/16/18   Page 8 of 10 PageID #: 85

Dated: __08-14-2018__

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____    _____
                                NALAKA G. KUMARASINGHE

Dated: 08/16/18                 *H.S. Shah*
                                _____
                                OSN DELI GROCERY CORP.
                                BY: HEENA SHAH

Dated: 08/16/18                 *A.M. Patel*
                                _____
                                VINOT PATEL
                                (a/k/a: AMARKUMAR M. PATEL)

8

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NALAKA G. KUMARASINGHE, individually and on behalf of all other persons similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>OSN GROCERY AND DELI CORP and VITAL PATEL, jointly and severally jointly and severally,<br><br>*Defendants.* | **STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**<br><br>17 CV 3226 (FB)(RML) |

    It is hereby stipulated and agreed, by and between the undersigned attorneys for the parties, that Plaintiff's Complaint, and any and all claims therein and in relation to are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date:   New York, New York
          August _____, 2018

_____     _____
Michael K. Chong, Esq.                                       Justin A. Zeller, Esq.
2 Executive Drive, Suite 720                      277 Broadway, Suite 408
Fort Lee, NJ 07024                                              New York, NY 10007
Phone: 201-947-520                                            Phone: 212-884-0935
Fax: 201-708-6676                                               Fax: 212-224-2246
mkchong@mkclawgroup.com                jazeller@zellerlegal.com
*Attorney for Defendants*                                        *Attorney for Plaintiff*